UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ASHLEY VANNIER,

                                   *Plaintiff*,

                                                                    1:24-CV-00324
          -against-
                                                                    (DNH)(DJS)

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SERVICES and
GREAT MEADOW CORRECTIONAL FACILITY,

                                   *Defendants*.

_____


**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL  PROCEDURE 12(b)(1) and (6)**



                                        **LETITIA JAMES**
                                        Attorney General
                                        State of New York
                                        Attorney for Defendants
                                        The Capitol
                                        Albany, New York 12224-0341


Alexander Powhida
Assistant Attorney General, of Counsel

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT…………………………………………………………..1

ARGUMENT…………………………………………………………………………...2

      POINT I:     ANY TITLE VII CLAIM ARISING OUT OF ACTS  OF
                         DISCRIMINATION THAT ALLEGELY OCCURRED MORE
                         THAN THREE HUNDRED DAYS BEFORE PLAINTIFF
                         FILED HIS CHARGE OF DISCRIMINATIN WITH THE
                         EEOC MUST BE DISMISSED AS UNTIMELY…………………….…2

CONCLUSION……………………………………………………………………………3

i

## PRELIMINARY STATEMENT

Defendants, New York State Department of Corrections and Community Supervision  and Great Meadow Correctional Facility (collectively, "Defendants"), submit this Reply Memorandum of Law in further support of their motion, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), seeking partial dismissal of the Complaint.

In opposition to the Defendants' motion to dismiss, Plaintiff consents to dismissal of his Second Cause of Action under the New York State Human Rights Law §296, and opposes dismissal of his First Cause of Action asserting a violation of Title VII based upon gender discrimination.  *See* ECF No. 14, p.1. Plaintiff asserts that the statute of limitations does not act to bar his claim because it is in the nature of a hostile work environment claim, and that acts contributing to the hostile work environment more than 300-days before the EEOC filing may be included in the claim, provided that the constructive discharge of Plaintiff took place within the 300-day limitations period. *See generally id.*

Plaintiff's claim, however, is not clear as to the nature of the relief sought and could be construed to assert a claim of discrimination based upon discrete events that occurred beyond the 300-day limitations period. While Plaintiff's claim, if limited to being a hostile work environment claim, may be allowed to proceed including consideration of otherwise time-barred incidents contributing to the alleged hostile work environment, Defendants have moved and are entitled to a judgment partially dismissing the First Cause of Action to the extent that it makes a claim for discrimination based upon those time-barred discrete acts, thereby limiting the Plaintiff's First Cause of Action to a hostile work environment claim.

ARGUMENT

POINT I

**ANY TITLE VII CLAIMS ARISING OUT OF ACTS OF DISCRIMINATION THAT ALLEGEDLY OCCURRED MORE THAN THREE HUNDRED DAYS BEFORE PLAINTIFF FILED HIS CHARGE OF DISCRIMINATION WITH THE EEOC MUST BE DISMISSED AS UNTIMELY**

"A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id*. at 114. "Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." *Id*. at 113.

As detailed in the motion to dismiss, Plaintiff's Complaint alleges a series of discrete acts of employment discrimination, separated by, at times, a gap of years, all of which fall outside the 300-day limitations period. *See* ECF No. 11-2, pp. 2-4. Those acts included refusals to allow Plaintiff to utilize the male locker-room in 2013 (later allowed following Plaintiff's "coming-out" as a male), denial of an application for a "Relief Position" in 2018 (later granted to Plaintiff), and a negative performance evaluation in 2019 (later changed to "excellent" on Plaintiff's complaint). *Id.* He then asserts in the First Cause of Action, as follows:

> By the acts and practices described above, Defendants unlawfully discriminated against Plaintiff in the terms and conditions of his employment, *including* creating and permitting to exist an abusive

2

> and hostile work environment and the loss of employment-related
> benefits on the basis of his gender identify which continued through
> his last day of work with Defendants. [emphasis supplied]

ECF No. 1, at ¶162. By including reference to the "acts and practices" listed in the Complaint and

by asserting that the First Cause of Action includes that of an abusive or hostile work environment,

the implication is that Plaintiff proceeds on multiple theories of liability for gender discrimination.

As such, the reasonable inference from the First Cause of Action as pleaded by Plaintiff is that

Plaintiff has stated a First Cause of Action that can be construed to be alleging a violation of Title

VII based upon the discrete acts alleged, or for hostile work environment, or both.

Since the First Cause of Action may be construed to be asserting claims based upon discrete

acts that fall outside of the 300-day limitations period, it is untimely and should be partially

dismissed. Consequently, as detailed in the motion to dismiss, Defendants are entitled to an order

dismissing the First Cause of Action to the extent it asserts a claim based on those discrete acts

that occurred outside of the 300-day limitations period, as untimely. *See* ECF No. 11-2, pp. 7-11.

Following such a partial dismissal, Plaintiff's First Cause of Action would be limited to a hostile

work environment claim and would proceed into discovery. While discovery may include all acts

about which Plaintiff complains to the extent Plaintiff alleges that they contribute to the hostile

work environment that lead to his allegation of constructive discharge, those specific acts are

untimely and are not independently actionable.

## CONCLUSION

By reason of the foregoing, Defendants' motion should be granted (1) dismissing the First

Cause of Action to the extent it alleges a Title VII violation based upon discrete acts and limiting

the cause of action to a hostile work environment theory and (2) dismissing the Second Cause of

Action in its entirety.

3

Dated: Albany, New York
          August 30, 2024                                   Respectfully submitted,

                                                   **LETITIA JAMES**
                                                   Attorney General
                                                   State of New York
                                                   Attorney for Defendants

                                      By:      *s/Alexander Powhida*
                                               Alexander Powhida
                                               Assistant Attorney General
                                               Bar Roll No. 105395
                                               Telephone: (518) 776-2584
                                               Email: Alex.Powhida@ag.ny.gov

TO:      *Via ECF*
          Allegra L. Fishel, Esq.
          *Attorney for Plaintiff*
          GENDER EQUALITY LAW CENTER
          157 13TH Street
          Brooklyn, New York 11215